IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SINCLAIR CATTLE COMPANY, INC., : | CIVIL ACTION NO. 1:14-CV-1144 |
| Plaintiff : | (Chief Judge Conner) |
| v. : | |
| JEFFREY G. WARD and : | |
| REBECCA L. WARD, : | |
| Defendants : | |

## MEMORANDUM

Presently before the court in the above-captioned matter is the motion (Doc. 44) to strike defendants' answer (Doc. 39) in its entirety or partially, filed by plaintiff Sinclair Cattle Company, Inc. ("SCC"). For the reasons that follow, the court will grant the motion in part and deny it in part.

### I.     Factual Background & Procedural History

Plaintiff SCC runs a Black Angus cattle farming business that conducts operations including the purchase, breeding, and selling of cattle. (Doc. 1 ¶¶ 10, 12). Defendant Jeffrey Ward was an employee of SCC from 1996 until 2013 and served as its president, treasurer, and acting chief executive officer. (Id. ¶¶ 9, 15, 19). His wife, defendant Rebecca Ward, also worked at SCC and performed office management duties between 1998 and 2013. (Id. ¶¶ 3, 23).

On June 13, 2014, SCC filed a complaint (Doc. 1) against the Wards alleging, *inter alia*, breach of fiduciary duty and claims sounding in fraud. (Id.) On March 12, 2015, the Wards filed their answer. (Doc. 39). In numerous paragraphs of their answer, the Wards deny allegations and also attach the following qualifier:

> . . . except those allegations constituting admissions against the interests of Sinclair Cattle and Smith, and each of them[1]

(Id. *passim*). The Wards further assert thirteen affirmative defenses, including failure to state a claim, statute of limitations, laches, estoppel and waiver, and unclean hands. (See id. ¶¶ 210-222).

On March 26, 2015, SCC filed the instant motion (Doc. 44) to strike the Wards' answer in its entirety or to the extent that it does not conform to Federal Rule of Civil Procedure 8(b)-(c), pursuant to Federal Rule of Civil Procedure 12(f). The motion is fully briefed and ripe for disposition.

## II.   Jurisdiction and Legal Standard

The court has jurisdiction over the instant matter because the parties are completely diverse of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). District courts have considerable discretion in resolving a Rule 12(f) motion. "[P]rejudice to one or more of the parties [is the] touchstone for deciding a motion to strike." Fulton Fin. Advisors, Nat'l Ass'n v. NatCity Invs., Inc., No. 09-4855, 2013 WL 5635977, at *19 (E.D. Pa. Oct. 15, 2013); see also Wincovitch v. Edwin A. Abrahamsen & Assoc.'s, No. 3:12-CV-

---

[1] This language appears at least once in no fewer than 176 separate paragraphs and in the unnumbered paragraph labeled "General Denial." (See Doc. 39 at 3). The Wards vary the language slightly in some paragraphs; the court treats all iterations the same.

1846, 2013 WL 1909578, at *1 (M.D. Pa. May 8, 2013) (observing that courts have required a showing of prejudice before striking a pleading). A party is prejudiced when the challenged pleading "confuses the issues" or places an undue burden on the responding party. Karpov v. Karpov, 307 F.R.D. 345, 348 (D. Del. 2015).

A Rule 12(f) motion to strike is the "primary procedure" for objecting to an insufficient affirmative defense. See Wincovitch, 2013 WL 1909578, at *1; 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2015). A challenged affirmative defense must provide plaintiffs with "fair notice" of the grounds for the defense.[2] Mifflinburg Tel., Inc. v. Criswell, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015). Fair notice is satisfied if the defense is "logically within the ambit of" the factual allegations in the litigation, but the pleading must contain "more than a mere rote recitation of generally available" affirmative defenses. Id. at 574. Further, courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.' " Ball v. Buckley, No. 1:11-CV-1829, 2012 WL 6681797, at *1 (M.D. Pa. Dec. 21, 2012) (citing Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986)); see also Mifflinburg, 80 F. Supp. 3d at 572 (noting "general judicial agreement" that motions to strike should be denied unless the challenged allegations have no possible relation to the litigation's subject matter and may cause significant prejudice to a party) (citations omitted).

---

[2] A majority of district courts within the Third Circuit have declined to apply the "plausibility" pleading standard of the United States Supreme Court's Twombly and Iqbal decisions to affirmative defenses, and have instead applied a less stringent notice pleading standard. See Klaus v. Jonestown Bank and Trust Co., No. 1:12-CV-2488, 2014 WL 1024591, at *1 n.1 (M.D. Pa. March 14, 2014) (Conner, C.J.) (collecting cases).

**III.    Discussion**

SCC contends that the Wards' answer should be stricken in its entirety or in part because it fails to conform to the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. (Doc. 46 at 5-6). Specifically, SCC avers that the Wards' answer is replete with responses that do not comply with Rule 8(b), and that SCC's affirmative defenses do not comply with Rule 8(c). (Id.) The court will address these issues *seriatim*.

    **A.    Motion to Strike Responses from Answer**

SCC argues that the Wards circumvent the pleading requirements of Rule 8(b) by appending the generic phrase, "except those allegations constituting admissions against the interests of Sinclair Cattle and Smith, and each of them" to many of their responses. (Doc. 46 at 6-8). Consequently, SCC asserts, it is "left trying to determine what facts Defendants have admitted." (Doc. 46 at 7). The Wards reply that their answer complies with Rule 8(b), and therefore should not be stricken. (Doc. 47 at 3-4).

Rule 8 of the Federal Rules of Civil Procedure sets forth general rules of pleading. FED. R. CIV. P. 8. Rule 8(b) requires a party responding to a pleading to "admit or deny the allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b)(1)(B). A denial must "fairly respond to the substance of the allegation." FED. R. CIV. P. 8(b)(2). Further, when a party intends to deny only a part of an allegation, it "must admit the part that is true and deny the rest." FED. R. CIV. P. 8(b)(4).

4

The challenge that a pleading runs afoul of Rule 8(b) is not within the literal scope of a Rule 12(f) motion to strike. See FED. R. CIV. P. 12(f) (targeting insufficient defenses and redundant, immaterial, impertinent, or scandalous matter). Courts have, however, applied Rule 12(f) beyond its specified categories, including to pleadings allegedly improper under Rule 8(b). See, e.g., Ferraraccio v. Guardian Home and Cmty. Servs., Inc., No. 3:14-177, 2015 WL 518578, at *3-4 (W.D. Pa. Feb. 6, 2015) (evaluating under Rule 12(f) a response allegedly out of conformance with Rule 8(b)); Dilmore v. Alion Sci. and Tech. Corp., No. 11-72, 2011 WL 2690367, at *2 (W.D. Pa. July 11, 2011) (presuming that a challenge to defendant's responses based on their purported noncompliance with Rule 8(b) operated under Rule 12(f)).

In the case *sub judice*, the phrases in the Wards' answer beginning with "except those allegations constituting . . . " are sufficiently violative of Rule 8(b) to prejudice SCC. These responses violate Rule 8(b) because the failure to identify the allegations excepted infects the entire response with ambiguity. Particularly in light of the sheer volume of offending responses in the Wards' answer,[3] the equivocations so confuse the matters in dispute and burden SCC with ferreting out straightforward answers as to merit relief under Rule 12(f). See Do It Best Corp. v. Heinen Hardware, LLC, No. 1:13-CV-69, 2013 WL 3421924, at *4-6 (N.D. Ind. July 8, 2013) (striking "cryptic" responses denying "material allegations" because they failed to provide adequate guidance as to defendant's position on the allegations) (citation omitted); Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F. Supp. 2d 897, 907-08 (N.D. Ill. 2006) (striking from answer responses deemed "equivocal and

---

[3] See *supra* note 1.

5

serv[ing] to confuse the issues that are in dispute").[4] The Wards argue that they do not want to deny an allegation that will later prove to be an admission against the interest of SCC. (Doc. 47 at 4-5). The Federal Rules of Civil Procedure, however, contemplate admissions, denials, and effective denials through assertions of a lack of knowledge. See FED. R. CIV. P. 8(b). A pleading model that obscures parties' positions on the bulk of the allegations against them until after discovery is neither permissible under the current rules, nor desirable. The court will therefore strike the Wards' responses containing generic exceptions to denials, but will grant leave to amend. See FED. R. CIV. P. 15(a)(2).

**B.    Motion to Strike Affirmative Defenses**

SCC argues that the Wards contravene the pleading requirements of Rule 8(c) by "[p]resenting a laundry list of boilerplate, conclusory affirmative defenses" that fail to provide fair notice. (Doc. 46 at 8). The Wards contend that their affirmative defenses satisfy the fair notice standard because they are "logically related" to the litigation, and should therefore not be stricken. (Doc. 47 at 5-6).

Rule 8(c) requires that a party responding to a pleading must "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). Compliance with Rule 8(c) is not onerous for pleaders given the applicability of notice pleading. See *supra* note 2. In the instant case, all but one of the Wards' thirteen pleaded

---

[4] A district court in this Circuit recently declined to strike language deemed violative of Rule 8(b), but ordered defendant to amend its answer. See Gross v. Weinstein, Weinburg & Fox, LLC, --- F. Supp. 3d ----, No. 14-786-LPS, 2015 WL 5012309, at *4-5 (D. Del. Aug. 24, 2015) (involving answer that included "blanket denials of all 'wrongful conduct' "). In Gross, the defendant was warned that an amended answer reproducing the deficiencies would likely result in the granting of reasonable relief requested by plaintiff. Id. at *5.

6

affirmative defenses are sufficiently compliant with Rule 8(c). The Wards' sparse pleading is non-exemplary, but SCC points to no specific affirmative defense that seems to transcend the logical ambit of the allegations within the parties' various pleadings. See Mifflinburg, 80 F. Supp. 3d at 574 (stating that "fair notice" suggests the plaintiff "must be able to infer why an affirmative defense may be germane . . . based on some general allegations in the pleadings").[5] For example, given that some of the actions attributed to the Wards allegedly occurred in 2008, the Wards' assertion of time-bar defenses is at least not confusingly illogical. (See Doc. 1 ¶ 32). The same can be said for the Wards' assertion of unclean hands and estoppel considering the nature of their counterclaims against SCC and its sole shareholder. (See Doc. 39 ¶¶ 304, 516). Accordingly, the court will deny SCC's motion to strike the Wards' first twelve affirmative defenses.

The Wards' final assertion in their listing of "Affirmative Defenses" fails to conform with Rule 8(c) in a manner that provides fair notice to SCC. The Wards state that they "reserve the right to assert further defenses as discovery warrants."

---

[5] District courts in this circuit have focused on various considerations in determining whether fair notice has been satisfied when "conclusory" affirmative defenses are challenged. See, e.g., Klaus, 2014 WL 1024591, at *1-2 (considering whether defendant specified statutes of limitations and pleaded elements of laches); Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 146-47 (E.D. Pa. 2011) (same). The court's Mifflinburg decision provides helpful guidance by clarifying that prejudice inheres in a party's burden to sort logically relevant from logically unconnected affirmative defenses. Mifflinburg, 80 F. Supp. 3d at 574 (finding prejudice because defendant's "rote recitation" of affirmative defenses included defenses apparently unrelated to the litigation). See also Gelman v. Rosen, No. 14-6790, 2015 WL 1849903, at *3 (D. N.J. April 22, 2015) (finding that allegation of affirmative defenses' "conclusory" nature is not alone sufficient to satisfy "the heavy burden for motions to strike"). While SCC and the Wards both rely on Mifflinburg, SCC has not convincingly shown that it is prejudiced by the Wards' affirmative defenses.

(Doc. 39 ¶ 222).  This statement is grossly indeterminate and fails to alert SCC to the nature of the defenses they should anticipate.  See F.D.I.C. v. Mahajan, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013) (finding reservation of right to assert affirmative defenses improper under Federal Rule of Civil Procedure 8, and noting that defendant may seek leave to amend answer in future if necessary).  Hence, the court will strike the Wards' thirteenth affirmative defense with prejudice.

### IV.   Conclusion

For all of the foregoing reasons, SCC's motion (Doc. 44) to strike will be granted in part and denied in part.  An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      October 16, 2015