IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SINCLAIR CATTLE COMPANY, INC.,** : | CIVIL ACTION NO. 1:14-CV-1144 |
| **Plaintiff** : | (Chief Judge Conner) |
| v. : | |
| **JEFFREY G. WARD and REBECCA L. WARD,** : | |
| **Defendants and Third-Party Plaintiffs** : | |
| v. : | |
| **J. DUNCAN SMITH,** : | |
| **Third-Party Defendant** : | |

## ORDER & JUDGMENT

This matter came before the Court on the Joint Motion (Doc. 146) of the parties for dismissal, with prejudice, and entry of Judgment in this matter. Based upon the complete record and proceedings herein, the Court hereby FINDS:

1. The parties have aggressively pursued this litigation. The Court is advised that over one million pages of documents have been produced, and nearly twenty-five depositions have been taken. The Court notes that many motions have been filed and heard by the Court, including the initial dispute over venue.

2. The parties have engaged in lengthy and protracted settlement negotiations. The Court is advised that the parties engaged in settlement negotiations from late 2013 until the litigation was filed in June of 2014. The parties met for three (3) lengthy settlement conferences, over four (4) full days, with Chief Magistrate Judge Martin C. Carlson. The settlement conferences took place on

April 28, 2016, May 23-24, 2016, and June 24, 2016. Between the conferences, the parties continued to negotiate with each other in an effort to settle the matter.

3. The Court is advised that, under the Magistrate Judge's supervision, the parties reached a settlement.

4. The parties' settlement is embodied in a Settlement Agreement dated June 24, 2016 (the "Settlement Agreement"). The Settlement Agreement is incorporated into and made a part of this Judgment.

5. The settlement was reached after protracted and arms-length negotiations. The parties entered into their settlement knowingly, voluntarily, intelligently, and not under duress. Before entering into and executing the Settlement Agreement, the parties consulted with and received advice from counsel.

6. The original Settlement Agreement is in the possession of Magistrate Judge Carlson. An essential element of the Settlement Agreement is that the settlement shall be treated as confidential and shall not be made public, except under limited circumstances. The Settlement Agreement shall therefore remain confidential pending further Order of this Court.

7. The Court is advised that by entering into the Settlement Agreement it is the intention of the parties to fully and finally end and dismiss, with prejudice, all disputes that may exist between them.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. The Release set forth in the parties' Settlement Agreement is effective and incorporated herein. This lawsuit is hereby dismissed, with prejudice, each party to bear its own costs, expenses, disbursements, and attorneys' fees, subject to the terms of the Settlement Agreement and further Order of the Court.

2. This Judgment hereby incorporates but does not merge the terms of the Settlement Agreement, the Court retaining jurisdiction over this matter pursuant to Rule 41(a)(2) and Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994), to enforce the terms of the Settlement Agreement as set forth therein.

3. The parties are ordered to comply with the terms of the Settlement Agreement, and this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and this Judgment.

4. Subject to further Order of the Court, Magistrate Judge Carlson shall keep and hold the parties' Settlement Agreement confidential and under seal.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania